IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00085-PSF-MEH

MARISSA M. FREEMAN, an individual,

      Plaintiff,

v.

TACO BELL CORPORATION,

      Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**
_____

Before the Court is Plaintiff's Motion to File First Amended Complaint [Docket #19]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, the matter has been referred to this Court [Docket #20]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend Complaint.

**I.  Facts**

Plaintiff is a former employee of Defendant. The original Complaint alleges claims of sexual harassment, hostile work environment, retaliation, and extreme and outrageous conduct. Dock. #1. With the proposed amendment, Plaintiff seeks to drop the claims of sexual harassment and extreme and outrageous conduct and to add state law claims of negligent retention and negligent supervision. Dock. #19-2. Plaintiff argues that the new allegations and the change is claims is necessary based on discovery to allow the most efficient prosecution of Plaintiff's claims. In response, Defendant argues that Plaintiff's additional claims are futile and that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**II.      Discussion**

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The requested amendment is timely under the scheduling order, but Defendant objects on the grounds that the two additional claims are futile, because Plaintiff alleges that she was injured as result of Defendant's negligent retention and supervision. As such, Defendant contends that Plaintiff's claims are subject to the Colorado Worker's Compensation Act and cannot be brought in court.

In this case, the "injury" suffered by Plaintiff is not the traditional workplace injury, as contemplated by the Colorado Worker's Compensation Act. Rather, the injuries are related to Plaintiff's claims for sexual harassment. Such injuries are not subject to the Colorado Worker's Compensation Act. *See Horodyskyj v. Karanian*, 32 P.3d 470 (Colo. 2001) (holding that because injuries related to sexual harassment are not compensable under the Act, claims based on these injuries are not barred by the Act). If Defendant believes that not all injuries alleged are related to the sexual harassment claims, the proper disposition of this issue is on summary judgment, after all facts have been developed. Accordingly, the Court does not find Plaintiff's amendment to be futile, such that a Motion to Amend under the liberal provisions of Rule 15(a) should be denied.

Defendant also asks this Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. A review of the amended complaint establishes that the facts supporting the state law claims a part of the same case or controversy as Plaintiff's Title VII claims. Pursuant to 28

U.S.C. § 1367(a), supplemental jurisdiction is proper.

## III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to File First Amended Complaint [Filed May 10, 2007; Docket #19] is **granted**. The Clerk of the Court is directed to file Docket #19-2 as Plaintiff's First Amended Complaint.

Dated at Denver, Colorado, this 5th day of June, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge