IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00085-PSF-MEH

MARISSA M. FREEMAN, an individual,

    Plaintiff,

v.

TACO BELL CORPORATION,

    Defendant.

## STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF "CONFIDENTIAL INFORMATION"

        This Protective Order Regarding Disclosure of "Confidential Information" ("Protective Order") is entered by the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure: Plaintiff and Defendant have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing, documents, testimony, and other information that contains or may contain sensitive private, proprietary, business, financial, employment, client, personal, medical, and personnel or other information of similar nature (hereinafter "Confidential Information"). The Court is entering this Order to allow the parties to produce such "Confidential Information" while preserving it from unauthorized, unnecessary disclosure.

    Therefore, the Court hereby orders that the following principles and procedures designed to ensure the protection of "Confidential Information" will govern the production and disclosure of such "Confidential Information":

**Scope of Order: Documents Covered.** "Confidential Information" will include any

document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made there from, designated as such by Plaintiff or Defendant. Any party may designate such information as "Confidential Information" that the party in good faith believes the designated information meets the standards for protection set forth in Fed. R. Civ. P. 2 6(c). Nothing in this Order shall prevent any person from seeking documents via subpoena or otherwise from any person or party.

**Designation Of "Confidential Information".** Information may be designated as "Confidential Information" in the following manner:

   a. By imprinting or affixing a label with the word "Confidential" or "CONFID" on each page or cover of any document; or

   b. By typing the word "Confidential" or "CONFID" or imprinting or affixing a label with the word "Confidential" or "CONFID" next to or above any response to an Interrogatory or Request for Admission; or

   c. With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information (including deposition testimony) as confidential within fifteen days of the date the information was disclosed or within fifteen days after the Court approves this Protective Order, whichever is later; or

   d. With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as confidential no later than thirty days after the testimony is given; or

   e. With respect to transcribed testimony, by designating such portions as confidential on the record at the time such testimony is given or by designating such portions as confidential no later than thirty days

following receipt of the transcribed testimony.

Those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL" and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

3. **Objections to Designations.** If a party objects to the opposing party's designation of certain information as "Confidential Information," the objecting party will inform the designating party of such objection on the record during that deposition or in writing within fifteen days of that party's receipt of the designated information. The parties will attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the designating party will raise the issue with the Court (formally or informally) within fifteen days after the objecting party provides written or otherwise recorded notice of the objection. In any such dispute, the designating party will at all times bear the burden of proving the information designated as "Confidential Information" meets the standards for protection set forth in Fed. R. Civ. P. 26(c). The information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion. If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as "Confidential Information" and shall not thereafter be treated as "Confidential Information" under the terms of this Protective Order.

4. **Limitations on Disclosure of "Confidential Information".** All information disclosed by Plaintiff or Defendant designated as "Confidential Information" will be subject to the following restrictions:

a. The information will only be communicated or disclosed in any

manner, either directly or indirectly, to the following persons directly related to this litigation;

    i. Counsel and Co-Counsel to the parties

    ii. Legal associates and their clerical staff of Counsel and Co-Counsel to the parties

    iii. The parties

    iv. Copy support personnel

    v. Expert witnesses

    vi. The court and court personnel vii. Stenographers

    viii. Deponents, witnesses and potential witnesses; and

    ix. Such other persons directly related to the case who have agreed to the provisions of this Order

b.    Individuals reviewing "Confidential Information" pursuant to this Protective Order shall be informed by respective counsel to hold such information in the strictest confidence and not to divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law. Individuals identified in subparagraphs 4(a)(v)(viii) and (ix), above, shall be advised as to the confidential nature of such information and must agree to be bound by this provision before the information will be disclosed to them, and individuals described in subparagraphs 4(a)(v) and (ix), above, must also sign a written

acknowledgment in the form of attached Exhibit A prior to discussing or testifying to any such confidential material in a deposition, settlement conference or any court appearance.

**5.     Parties' Own Documents.** The fact that some documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that party designated as "Confidential Information" to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes. This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

**6.     Submission of "Confidential Information" to the Court.** Any pleading, brief, or other document filed with the Court that specifically discusses the contents of, quotes from, or incorporates specific information from any "Confidential Information" will be filed in a sealed envelope on which will be written the title of this action and the words, "CONFIDENTIAL INFORMATION COVERED BY COURT ORDER." The parties shall comply with D.C. COLO. LCivR 7.2 and 7.3.

**7.     Copies of "Confidential Information".** Counsel for the parties and the parties themselves understand the confidential nature of "Confidential Information", and agree to limit their copying of "Confidential Information" to that which they believe is reasonably necessary for the prosecution/defense of this litigation. Copies of "Confidential Information", and documents prepared by an expert that incorporate or reveal "Confidential Information", will be subject to the same treatment under this Order as the original "Confidential Information".

All copies, excerpts, or summaries made, shown, or given to those authorized hereby and

according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Information by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production. The inadvertent, unintentional, or in camera disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

**8.** **No Position as to Admissibility.** By agreeing to the entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order. Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which "Confidential Information" will be treated at trial.

9. Within sixty days of the final conclusion of this action, unless other arrangements are agreed upon, each document or transcript component designated as Confidential Information and all copies thereof shall be returned to the party that designated the material as Confidential. This requirement shall not apply as to Confidential Information in the possession of counsel for the parties (who shall have the right to retain custody of such as part of the attorney's file related to such action). As to Confidential Information retained by counsel, such document or transcript component shall retain its status as Confidential Information (unless counsel for the party entitled to assert confidentiality notifies the other counsel in writing to the contrary).

**10.** **Continuing Jurisdiction.** The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality

of "Confidential Information" pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

Dated at Denver, Colorado this 5th day of June, 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge